UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _3/22/2024_

IN RE: 21st Century Oncology Holdings, Inc.

JESSIE LEE BIZZELL

     Appellant,

  -against-

KURTZMAN CARSON CONSULTANTS LLC,
     Defendants.

No. 21-cv-5894 (NSR)
**OPINION & ORDER**

Associated Bankruptcy Cases:
20-6524A
17-B-22770 (RDD)

NELSON S. ROMÁN, United States District Judge:

On July 8, 2021, Jessie Lee Bizzell ("Appellant"), proceeding *pro se*, filed a Notice of Appeal seeking review of the Bankruptcy Court's order granting Kurtzman Carson Consultants LLC's ("Kurtzman") motion to dismiss in the adversary Bankruptcy proceeding, case number 20-6524A. (ECF No. 1). The Notice of Appeal attaches the Bankruptcy Court's order. (*Id.*). Pursuant to Bankruptcy Rules 8006 and 8009, Appellant had 14 days from the date of filing to perfect his appeal. Accordingly, the Court dismissed Plaintiff's appeal on June 7, 2022 for failing to comply with the Bankruptcy Rules concerning the perfection of his appeal.

On July 17, 2023, Court received a motion to reopen the case from Appellant. (ECF No. 8). That motion was indecipherable, and the Court directed Appellant to file a typed motion. (ECF No. 9). After receiving an extension, the Appellant did so on August 21, 2023. ("App. Mot.", ECF No. 12). In his motion, Appellant does not explain his failure to perfect his appeal, nor does he state that he will attempt to do so. The Court notes that it has now been over a year since this case was closed. Moreover, whether to reopen a bankruptcy case "is committed to the sound discretion of the bankruptcy court[,]" not the District Court. *In re I. Appel Corp.*, 300 B.R.

564, 567 (S.D.N.Y 2003) (quoting *Horizon Aviation of Virginia, Inc. v. Alexander*, 296 B.R. 380, 382 (E.D.Va. 2003)).

Accordingly, the Court DENIES Appellant's request to reopen the case. After reviewing numerous documents filed by Appellant, the Court finds it prudent, however, to briefly address certain aspects of his requests.

First and in addition to his request to reopen the bankruptcy proceeding, Appellant appears to request representation in a matter before the Northern District of Florida. (App. Mot. p.2). That matter was dismissed as frivolous on August 8, 2023. *See Bizzell v. Kurtzman Carson Construction*, No. 3:22cv18638/MCR/ZACB, 2023 WL 5045007, at *1 (N.D.Fl. Aug. 8, 2023). The Eleventh Circuit subsequently denied Appellant's appeal of that dismissal for want of prosecution. *Bizzell v. Kurtzman Carson Construction*, No. 23-12773-D, 2023 WL 8173184, at *1 (11th Cir. Oct. 19, 2023). It also goes without saying that this Court is without the power to appoint representation for a matter well outside its jurisdiction.

Appellant also appears to seek another remedy outside this Court's power. In an Amended Complaint filed on September 19, 2023 (the "AC", ECF No. 16), much of which is illegible, Appellant requests he be released from prison by arguing his sentence is illegal and alleging that 21st Century Oncology Holdings, Inc. is somehow responsible for violations of his Fifth, Sixth, and Fourteenth Amendment rights. (AC pp.8-9). Appellant also lists twenty-one cases he is litigating in various Florida federal courts. (AC pp.17-19). Appellant's argument appears to be that because Florida State prosecutors dropped certain charges against him as *nolle prosequi*, his entire sentence is illegal. (AC p.47) Plainly not so—and not within this Court's power to remedy, in any event.

In light of the foregoing, the Court instructs Appellant to limit any future filings to issues germane to the matters properly before this Court. For clarity, that means matters solely related to the bankruptcy proceeding and <u>not</u> with respect to any criminal proceedings or their related civil actions.

As previously stated, the Court DENIES Appellant's motion to reopen the bankruptcy proceeding, but nevertheless grants Appellant leave to seek relief before the Bankruptcy Court or to file a proper appeal before this Court in line with the instructions contained within this Opinion & Order. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 12. The Clerk of Court is further directed to mail a copy of this Opinion & Order to Appellant at the address listed on ECF and to show proof of service on the docket.

Dated: March 22, 2024
White Plains, NY

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE